

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MAR 3 1 2009**

JAMES W. McCORMACK, CLERK
By: _Jean Surman_
DEP CLERK

**LAVEIDA JONES**                                            **PLAINTIFF**

v.                          **CASE No. 3:07-CV-00160-WRW**

**CITY OF POCAHONTAS, ARKANSAS;
GARY CROCKER, Mayor for the City of
Pocahontas, in his Individual and
Official Capacities; and SCOTT BALTZ,
Fire Chief for the City of Pocahontas, in his
Individual and Official Capacities**                        **DEFENDANTS**

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, the Parties, Laveida Jones, by and through her
attorneys, Chisenhall, Nestrud & Julian, PA, and Defendants, City of Pocahontas, Arkansas, Gary
Crocker, and Scott Baltz, by and through their attorneys, Robert L. Beard, hereby stipulate to the
following:

Protective Order:

1.      In connection with discovery proceedings in this action, the parties may designate
any document, thing, material, testimony or other information derived therefrom, as "confidential"
under the terms of this Stipulated Protective Order (hereinafter "Order").   Confidential
information is information which has not been made public and which concerns or relates to the
following:

> I       Personnel records of Defendants' employees.   Plaintiff has requested the
> production of personnel files of Defendants.   The personnel records
> contain confidential and private information for which public disclosure
> would invade the personal privacy rights of these employees.

II.     Medical records of Plaintiff, Laveida Jones. Defendant has requested the execution of a medical authorization and production of Plaintiff's medical records. These records may contain confidential and private information for which public disclosure would invade the personal privacy rights of the Plaintiff.

2.      In response to certain Plaintiff's requests, Defendants may produce business records in the form of their employees' personnel files, investigation files, training documents, and EEOC charge documentation pursuant to Rule 33 and 34, Fed. R. Civ. P. The personnel and investigation files, the EEOC documentation and the information contained therein, and all other documents that Defendants designate as confidential shall be designated "confidential documents".

3.      The employer records designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from the confidential employer records (hereinafter "Confidential Material") shall be used only for the purpose of prosecution, defense, or settlement of this action, and for no other purpose.

4.      Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

>       A party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

>       Experts or consultants (together with their clerical staff) retained by such counsel to

2

assist in the prosecution, defense or settlement of this action;

Court reporter(s) employed in this action;

A witness at any deposition or other proceeding in this action; and

Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of the Order and shall execute a nondisclosure agreement in the form of Attachment "A", a copy of which shall be provided forthwith to counsel for each other party and for the parties.

5.    If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "Confidential Subject to Court Order" and filed under seal until further order of the Court.

6.    In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material shall protect its confidentiality during such time.

7.    This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 25(c) for a separate protective order as to any particular document of information, including restrictions differing from those as specified herein.   This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

8.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.   Nothing in this Order or the production of any information or

3

document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such documents of information or altering any existing obligation of any party or the absence thereof.

9.    This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not nor does not become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.   Upon termination of the case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED:

The Honorable William R. Wilson
United States District Judge

DATE: 3/31/09

4

APPROVED:

Plaintiff, Laveida Jones

BY: _____

Denise Reid Hoggard, ABN 84072
CHISENHALL, NESTRUD & JULIAN, P.A.
400 West Capitol Avenue, Suite 2842
Little Rock, Arkansas 72201
(501) 372-5800   telephone

AND

Defendants, City of Pocahontas, Gary Crocker and Scott Baltz

BY: _____

Robert L. Beard, AR Bar No. 2002109
Post Office Box 38
North Little Rock, AR   72115
Telephone: (501) 978-6119
Facsimile:  (501) 537-7267
rbeard@arml.org

5